# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> DAVESTER LLC d/b/a EMBARGO, NEWMAN GALATI, TOWN TAXI OF CAPE COD, INC., HUDSON AGUIAR, and HOSPITALITY MUTUAL INSURANCE COMPANY <br><br> Defendants. | C.A. NO.: 19-11634 <br><br> Electronically Filed |

## COMPLAINT

## INTRODUCTORY STATEMENT

This is a Declaratory Judgment action brought pursuant to 28 U.S.C. sec. 1332 in which the Plaintiff, Atain Specialty Insurance Company ("Atain"), seeks a declaration that it is not obligated to defend and/or indemnify either its insured, Davester LLC d/b/a Embargo ("Embargo"), or any other party, with respect to a Massachusetts Superior Court personal injury lawsuit brought by Newman Galati against Embargo and other defendants. Atain asserts that the applicable Commercial General Liability Policy expressly excludes coverage for bodily injury arising out of or in connection with any auto. The policy further excludes coverage for bodily injury if Embargo caused or contributed to Galati's intoxication. Accordingly, the claims against Atain's insured are excluded by the policy and Atain is not obligated to provide a defense or indemnification to Embargo.

## PARTIES

1. The Plaintiff, Atain Specialty Insurance Company ("Atain"), is a Michigan Corporation with its usual place of business at 30833 Northwestern Highway, Farmington Hills, Michigan.

2. The Defendant Davester LLC d/b/a Embargo is a Massachusetts limited liability corporation with a usual place of business at 453 Main Street, Hyannis, Barnstable County, Commonwealth of Massachusetts.

3. The Defendant Newman Galati resides at 155 Seabrook Road, Hyannis, Barnstable County, Commonwealth of Massachusetts.

4. The Defendant Hudson Aguiar resides at 192 Tanglewood Drive, Osterville, Barnstable County, Commonwealth of Massachusetts.

5. The Defendant Town Taxi of Cape Cod, Inc. is a Massachusetts corporation with a usual place of business at 63 Cit Avenue, Hyannis, Barnstable County, Commonwealth of Massachusetts.

6. The Defendant Hospitality Mutual Insurance Company is a Massachusetts corporation with a usual place of business at 106 Southville Road, Southborough, Worcester County, Commonwealth of Massachusetts and, upon information and belief, provides liability insurance coverage to Embargo.

## JURISDICTION AND VENUE

7. Jurisdiction is proper pursuant to 28 U.S.C. sec. 1332, in this Court because the Plaintiff and the Defendants are of citizens of different states and the amount in controversy, exclusive of costs and interests, exceeds the sum of $75,000.00.

8. Venue is properly laid in this judicial district because the events giving rise to the claims set forth in this Complaint occurred in this district, Plaintiff's insured conducts business in the district and the relevant acts and omissions as alleged occurred in this district.

## FACTS

9. Atain issued a Commercial General Liability policy for the period of August 3, 2017 – August 3, 2018, for claims made within the respective policy period, to the Defendant Embargo. A true and accurate copy of the Atain policy is attached hereto as **Exhibit 1**.

10. The policy contains a "AIRCRAFT, AUTO OR WATERCRAFT EXCLUSION" which states:

**SECTION 1 – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, paragraph **(g.) Aircraft, Auto Or Watercraft** is deleted and replaced with the following:

**g.      Aircraft, Auto Or Watercraft**

This insurance does not apply to:

(1) "Bodily injury" or "property damage" arising out of or in connection with any aircraft or watercraft unless as outlined below;

(2) "Bodily injury" or "property damage" arising out of or in connection with any "auto" unless as outlined below; or

(3) "Bodily injury" or "property damage" arising out of or in connection with the "loading or unloading" or any aircraft, "auto" or watercraft by any insured unless as outline below.

This exclusion applies to "bodily injury" or "property damage" arising out of any aircraft, "auto" or watercraft, whether or not owned, maintained, used, rented, leased, hired, loaned, borrowed or entrusted to others or provided to another by any insured.

This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, entrustment, permitting, training or monitoring of others by an insured.

This exclusion applies even if the claims against any insured allege direct or vicarious liability.

11. The policy contains a "TOTAL LIQUOR LIABILITY EXCLUSION" which states:

    Exclusion **c. Liquor Liability** in **SECTION 1 – COVERAGES, COVERAGE A. BODILY INSURY AND PROPERTY DAMAGE LIABILITY** is deleted in its entirety and replaced by the following:

    **a. Liquor Liability**

    "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

    (1) Causing or contribution to the intoxication of any person;

    (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

    (3) Any statute, ordinance or regulation related to the sale, gift, distribution or use of alcoholic beverages.

12. The Defendant Galati has filed a personal injury action in the Barnstable Superior Court captioned *Newman Galati v. Hudson Aguiar, et. al.,* Civil Action No.: 2019-00283 ("State Court action") asserting negligence claims against Embargo arising from Galati's consumption of alcohol and an automobile accident in which Galati suffered personal injury.

13. Specifically, Galati alleges that he was a patron at Embargo on March 17, 2018, where he was highly and visibly intoxicated. Galati further alleges that due to his intoxication he was unable to manage himself and Embargo employees summoned a taxi-cab to transport him home. In the course of transporting Galati home, the taxi-cab, owned and operated by Defendant Town Taxi of Cape Cod, Inc., dropped Galati on a public way. Thereafter, a vehicle operated by Defendant Aguilar struck Galati and caused him to suffer personal injury.

14. Based on these facts, Galati has asserted a single negligence claim against Embargo claiming that Embargo breached its duty of care by "putting a highly and visibly intoxicated Newman Galati into a taxicab instead of calling for medical services or the police."

15. In connection with the State Court action, Atain is providing the Defendant Embargo with a defense, under a reservation of rights.

## COUNT I
*DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. SEC. 2201-02*
**AIRCRAFT, AUTO OR WATERCRAFT EXCLUSION**

16. Atain incorporates herein the allegations of paragraphs 1-15.

17. Atain has presented an actual controversy within the jurisdiction of this court with respect to Atain's obligation to provide Embargo with a defense and/or indemnity pursuant to the Commercial General Liability Policy Atain issued to Embargo.

18. Pursuant to the AIRCRAFT, AUTO OR WATERCRAFT EXCLUSION the policy excludes coverage for bodily injury "arising out of or in connection with any auto."

19. The Galati complaint seeks relief for "bodily injury" that he suffered when he was struck by a vehicle and thus the complaint sets forth claim "arising out of or in connection with any 'auto.'"

20. Accordingly, the AIRCRAFT, AUTO OR WATERCRAFT EXCLUSION excludes coverage for Galati's claims.

21. Atain seeks a Declaratory Judgment that coverage does not exist under the Commercial Liability Policy for the claims asserted against Embargo arising out of or in connection with any auto and that Atain owes neither a defense nor indemnity to Embargo.

## COUNT II
*DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. SEC. 2201-02*
**TOTAL LIQUOR LIABILITY EXCLUSION**

22. Atain incorporates herein the allegations of paragraphs 1-21.

23. Atain has presented an actual controversy within the jurisdiction of this court with respect to Atain's obligation to provide Embargo with a defense and/or indemnity pursuant to the Commercial General Liability Policy Atain issued to Embargo.

24. Pursuant to the TOTAL LIQUOR LIABILITY EXCLUSION the policy excludes coverage in the event Embargo may be held liable by reason of either causing or

contribution to the intoxication of any person or the furnishing of alcoholic beverages to a person under the influence of alcohol.

25. The Galati complaint seeks relief for "bodily injury" and asserts that Galati was "highly and visibly intoxicated" at Embargo.

26. To the extent that Embargo either caused or contributed to Galati's intoxication, or served Galati when he was under the influence of alcohol, the TOTAL LIQUOR LIABILITY EXCLUSION excludes coverage for Galati's claims.

27. Atain seeks a Declaratory Judgment that coverage does not exist under the Commercial Liability Policy for the claims asserted against Embargo for bodily injury to the extent Embargo's liability is caused by the service of alcohol.

**WHEREFORE**, Atain requests this Honorable Court to declare that coverage does not exist under the Atain policy for the claims made against Davester LLC d/b/a Embargo, as set forth in *Newman Galati v. Hudson Aguiar, et. al.,* Barnstable County Civil Action No.: 2019-00283. Atain further requests that this Honorable Court declare that Atain has neither a duty to defend nor a duty to indemnify Davester LLC d/b/a Embargo or any other entity for the claims made against Davester LLC d/b/a Embargo as set forth in *Newman Galati v. Hudson Aguiar, et. al.,* Barnstable County Civil Action No.: 2019-00283

        Respectfully Submitted,
        Atain Specialty Insurance Company
        By Its Attorneys,

        /s/ Matthew W. Perkins_____
        Matthew W. Perkins
        BBO No. 564868
        Lecomte, Emanuelson and Doyle
        Batterymarch Park II, One Pine Hill Drive
        Suite 105, Quincy, MA 02169
        (617) 328-1900
        mperkins@lecomtelaw.com

Dated: July 30, 2019