UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ATAIN SPECIALTY INSURANCE CO., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 19-cv-11634-IT |
| | * | |
| DAVESTER LLC d/b/a EMBARGO, | * | |
| NEWMAN GALATI, TOWN TAXI | * | |
| OF CAPE COD, INC., HUDSON | * | |
| AGUIAR, and HOSPITALITY MUTUAL | * | |
| INSURANCE COMPANY, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

October 10, 2019

TALWANI, D.J.

I.    Introduction

This action by Plaintiff Atain Specialty Insurance Company ("Atain") seeks a declaration that Atain is not obliged to defend or indemnify its insured, Defendant Davester LLC d/b/a Embargo ("Embargo"), with regard to claims in a state court proceeding entitled <u>Newman Galati v. Hudson Aguiar, Davester, LLC d/b/a Embargo, and Town Taxi of Cape Cod, Inc.</u>, Civ. A. No. 1972-CV-0283 (Barnstable Cty. Super. Ct. June 6, 2019) ("State Action"). Atain names as Defendants here the four parties to the underlying action, as well as another insurer, Hospitality Mutual Insurance Company ("Hospitality"). Hospitality now asks the court to stay this action until the conclusion of the State Action. <u>Motion to Stay</u> [#19]. For reasons stated below, Hospitality's <u>Motion to Stay</u> [#19] is DENIED as to the issue of whether Atain has a duty to defend Embargo in the State Action and GRANTED as unopposed as to the duty to indemnify.

II.     Background

In the State Action, Newman Galati asserts that he was a patron of Embargo, a restaurant, that he was "highly and visibly intoxicated and unable to manage his own being," and that Embargo employees arranged for and placed him in a taxi with instructions to transport him home. State Action Complaint ("State Action Compl.") ¶ 7, attached as Ex. 1 to Mem. in Supp. of Mot. to Stay [#20-1]. Galati alleges further that the taxi driver let him exit the vehicle, and that he was subsequently struck by a car driven by Hudson Aguiar. Id. at ¶¶ 10, 11. Galati suffered serious injuries, including amputation of his leg. Id. at ¶ 26. Galati alleges that Embargo breached a duty of care for its patrons' safety and well-being by putting a "highly and visibly intoxicated Newman Galati into a taxicab instead of calling for medical services or the police." Id. at ¶ 22(a). Galati also asserts claims against Aguiar and Town Taxi of Cape Cod, Inc. Atain is currently providing Embargo with a defense, under a reservation of rights. Mem. in Supp. of Mot. to Stay 4 [#20].

In the action here, Atain asserts that the insurance policy at issue excludes coverage for the claims asserted in the State Action. Opp. to Mot. to Stay 1 [#21]. Atain seeks a declaration that it has neither a duty to defend nor a duty to indemnify Embargo (or any other entity) for the claims made against Embargo in the State Action. Id. On September 25, 2019, Hospitality filed a motion to stay on the grounds that the State Action is parallel, as it involves the same factual issues, and that permitting this litigation to go forward will create piecemeal litigation. Mem. in Supp. of Mot. to Stay [#20]. Hospitality further argues that all parties are amenable to process in the State Action, that staying this action will avoid uneconomical proceedings, and that neither case raises issues of federal law. Id. Atain does not object to staying this case with respect to its claims regarding the duty to indemnify but opposes a stay of its claims regarding the duty to

defend. Opp. to Mot. to Stay 1 [#21].

   III.    Discussion

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995) (interpreting Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942)). In exercising that discretion, the court finds that the underlying action and the duty to defend claim involve distinct factual and legal disputes. The State Action is directed to issues of liability relating to Mr. Galati's injury; whereas the duty to defend the claim is focused on whether, under the insurance policy at issue, Atain is obligated to defend the State Action.

Importantly, the duty to defend can be resolved without adjudication of the issues in the State Action. Under Massachusetts law, the duty to defend under an insurance policy arises when "'the allegations in a complaint are reasonably susceptible of an interpretation that states or roughly sketches a claim covered by the policy terms,' notwithstanding the possibility that the underlying claim may ultimately fail, or that the merits of the claim are weak or frivolous." Holyoke Mut. Ins. Co. in Salem v. Vibram USA, Inc., 480 Mass. 480, 484 (2018) (quoting Billings v. Commerce Ins. Co., 458 Mass. 194, 200 (2010)). See also Mt. Airy Ins. Co. v. Greenbaum, 127 F.3d 15, 19 (1st Cir. 1997) (stating that an insurer is obligated to defend a claim that falls within a policy's coverage "[e]ven if the claim is baseless, as it is the claim which determines the insurer's duty to defend") (internal citations omitted). Because the inquiry as to Atain's duty to defend will focus on the allegations of the complaint, without adjudication of the underlying question of whether Embargo will ultimately be liable in the State Action, the differences between the two actions weigh against granting a stay. See Atain Specialty Ins. Co.

3

v. Bos. Rickshaw LLC, 387 F. Supp. 3d 157, 160 (D. Mass. 2019) (finding that a question of whether an insured owed a duty to defend is ripe even if the issue of liability in the underlying lawsuit is unresolved).

The court recognizes that "at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court," the district court should take care to not "indulg[e] in '[g]ratuitous interference'" by permitting the federal declaratory action to proceed. Wilton, 515 U.S. at 283 (citing Brillhart, 316 U.S. at 495). Accordingly, before denying Hospitality's motion to stay, the court considers factors that the Supreme Court has identified as guidance for a district court in determining whether to exercise jurisdiction, including "the scope of the pending state court proceedings and the nature of defenses open there," which "in turn, entails consideration of 'whether the claims of all parties in interest can be adjudicated satisfactorily in the state proceeding, which turns on whether necessary parties have been joined, whether all necessary parties are amenable to process in the state proceeding, and the virtue of avoiding uneconomical proceedings, etc.'" Wilton, 515 U.S. at 283 (quoting Brillhart, 316 U.S. at 495); see also Petricca v. FDIC, 349 F. Supp. 2d 64, 67 (D. Mass. 2004) (stating that in determining whether to exercise its discretion to dismiss or stay an action, a court should compare the nexus between the two suits and consider the totality of the circumstances); Travelers Cas. & Sur. Co. v. Boston Gas Co., 76 F. Supp. 2d 59, 62 (D. Mass. 1999) (applying the Wilton-Brillhart factors).

Here, none of the Wilton-Brillhart factors tilt in favor of granting a stay. Neither Atain nor Hospitality are parties in the State Action. Because Atain would have to bring a separate declaratory judgment action to adjudicate this matter in state court, the court does not find that the claims of the parties of interest can be adjudicated satisfactorily in the existing state

proceeding or that all necessary parties have been joined. See Flectat Ltd. v. KASL Seabreeze, LLC, 257 F. Supp. 3d 152, 156 (D. Mass. 2017). Likewise, because Atain would need to initiate a separate action in order to seek relief and must defend Embargo pending that relief, the "virtue of avoiding uneconomical proceedings" weigh in favor of allowing the action to proceed here. Wilton, 515 U.S. 277 at 283.[1]

  IV.  Conclusion

In sum, the court finds that the distinctions between the inquiries weigh in favor of proceeding on the duty to defend claim, and that the Wilton-Brilhart factors do not weigh against proceeding in this manner. Atain does not oppose staying the action as to the duty to indemnify. Accordingly, the court DENIES Hospitality's Motion to Stay [#19] with respect to Atain's duty to defend, and GRANTS the motion with respect to Atain's duty to indemnify.

  IT IS SO ORDERED.

Date: October 10, 2019                                         /s/ Indira Talwani
                                                                United States District Judge

---

[1] Hospitality relies on two cases to assert that this case should be stayed pending resolution of the State Action. See Mem. in Support of Mot. to Stay 4-5 [#20] (citing Flectat, 257 F. Supp. 3d 152 and Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Mar. Terminal, Inc., No. 14-14541, 2015 WL 3952766 (D. Mass. June 29, 2015)). However, those cases, in which the courts found common factual issues between the underlying state action and federal declaratory action, are distinguishable from the case at hand. In Nat'l Union Fire Ins., a key issue related to an exclusion pertaining to the nature of a temperature failure in a warehouse was an issue that was also central to the merits of the state court case. 2015 WL 3952766, at * 6. Focusing on the duty to indemnify, the court found that factual similarities between the state and federal case weighed in favor of staying that case. Similarly, in Flectat, the parties agreed that there was a "substantial overlap between the necessary factual determinations in the state court action" and federal court action, and sought to resolve that issue by asking the federal court to decide only some of the claims. 257 F. Supp. 3d at 158. Considering the potential for piecemeal litigation, as well as other issues of judicial economy, the court found that the factors weighed in favor of abstention. Id.