UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE CO., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 19-cv-11634-IT |
| | * |
| DAVESTER LLC d/b/a EMBARGO, | * |
| NEWMAN GALATI, TOWN TAXI | * |
| OF CAPE COD, INC., HUDSON | * |
| AGUIAR, and HOSPITALITY MUTUAL | * |
| INSURANCE COMPANY, | * |
| | * |
| Defendants. | * |

MEMORANDUM & ORDER

February 11, 2021

TALWANI, D.J.

Plaintiff Atain Specialty Insurance Company ("Atain") seeks a declaration that it is not obligated to defend or indemnify Davester LLC, doing business as Embargo ("Embargo"), or any other party (collectively, "Defendants") in an action brought by Newman Galati in state court. Pending before the court is Atain's Motion for Summary Judgment [#33] as to Count I of its Complaint [#1], which seeks a declaration that coverage does not exist based on an "Aircraft, Auto or Watercraft Exclusion." For the following reasons, the motion is GRANTED.

**I.     Factual Background**

   A.   *The State Court Action*

On June 6, 2019, Newman Galati filed a complaint in Barnstable Superior Court, Newman Galati v. Hudson Aguiar, et. al., Civil Action No.: 2019-00283 ("state court action"), against Hudson Aguiar, Embargo, and Town Taxi of Cape Cod, Inc. ("Town Taxi"). State Court Compl. [#34-2]; State Court Docket [#44-5]. The state court complaint alleges that on March 17,

2018, Galati was a patron at Embargo, a restaurant, where he was "highly and visibly" intoxicated. State Court Compl. ¶¶ 3, 6-7 [#34-2]. The complaint further alleges that when Galati sought to leave the restaurant, Embargo employees looked in his wallet for identification, determined his home address, called him a Town Taxi cab, and instructed the cab driver to take Galati home. Id. at ¶¶ 7-8. Instead, according to the complaint, the cab driver let Galati exit the cab somewhere other than his home and left him lying in the street, and Aguiar then struck Galati with his car, causing Galati substantial injuries. Id. at ¶¶ 9-11, 18. The state court complaint alleges counts of negligence against Aguiar, Embargo, and Town Taxi. Id. at 3-5.

     B.    *The Insurance Policy*

Atain issued a commercial general liability ("CGL") policy to Embargo for the period of August 3, 2017 to August 3, 2018. Defs' SOF Resp. ¶ 7 [#44]. The CGL policy was in effect on the date of the incident at issue in the state court complaint. As relevant to the pending motion, the CGL policy states:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

CGL Policy 39 [#34-1]. The insurance applies to "bodily injury" and "property damage" caused by an "occurrence" or accident that takes place in the United States during the policy period. Id. at 39, 51, 53.

The CGL policy further states, however, that Atain "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." Id. at 39. One exclusion where the insurance does not apply is the "Aircraft, Auto or Watercraft" exclusion ("auto exclusion"). Id. at 40. The auto exclusion, as modified by an endorsement, states that the policy does not apply to:

> "Bodily injury" or "property damage" arising out of or in connection with any "auto" unless as outlined below
>
> …
>
> This exclusion applies to "bodily injury" or "property damage" arising out of any aircraft, "auto" or watercraft, whether or not owned, maintained, used, rented, leased, hired, loaned, borrowed or entrusted to others or provided to another by any insured. This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, entrustment, permitting, training or monitoring of others by an insured.
>
> This exclusion applies even if the claims against any insured allege direct or vicarious liability.

Id. at 15. The exceptions where the exclusion "does not apply" include: "Parking an 'auto' on, or on the ways next to, premises you own or rent, provided the 'auto' is not owned by or rented or loaned to you or any insured." Id. Elsewhere in the policy, the term "auto" is defined as:

  a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

  b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle law where it is licensed or principally garaged.

Id. at 51.

## II.  Procedural Background

On July 30, 2019, Atain commenced this declaratory judgment action contending that the CGL policy's auto exclusion, as well as another exclusion entitled the "Liquor Liability" exclusion, as amended by endorsements, exclude coverage for Galati's claims in the state court action. Compl. [#1]. Atain's Motion for Summary Judgment [#33], filed shortly thereafter, sought summary judgment as to both exclusions, but the parties subsequently stipulated that Atain would proceed only as to Count I of its Complaint [#1] concerning the auto exclusion and that Count II concerning the "Liquor Liability" exclusion would be stayed pending resolution of Count I. Elec. Clerk's Notes [#40]; Status Report [#42].

3

**III.     Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Baker v. St. Paul Travelers, Inc., 670 F.3d 119, 125 (1st Cir. 2012). A dispute is genuine if a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This burden can be satisfied in two ways: (1) by submitting affirmative evidence that negates an essential element of the non-moving party's claim or (2) by demonstrating that the non-moving party failed to establish an essential element of its claim. Id. at 331.

Once the moving party establishes the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to set forth facts demonstrating that a genuine issue of disputed fact remains. Id. at 314.  The non-moving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of [the] pleadings." Anderson, 477 U.S. at 256. Rather, the non-moving party must "go beyond the pleadings and by [his or] her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). Disputes over facts "that are irrelevant or unnecessary" will not preclude summary judgment. Anderson, 477 U.S. at 248.

When reviewing a motion for summary judgment, the court must take all properly supported evidence in the light most favorable to the non-movant and draw all reasonable

inferences in the non-movant's favor. Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." Anderson, 477 U.S. at 255.

### IV. Discussion

Under Massachusetts law,

> [a]n insurer has a duty to defend an insured when the allegations in a complaint are reasonably susceptible of an interpretation that states or roughly sketches a claim covered by the policy terms . . . . In order for the duty of defense to arise, the underlying complaint need only show, through general allegations, a possibility that the liability claim falls within the insurance coverage. There is no requirement that the facts alleged in the complaint specifically and unequivocally make out a claim within the coverage. However, when the allegations in the underlying complaint lie expressly outside the policy coverage and its purpose, the insurer is relieved of the duty to investigate or defend the claimant. The nature of the claim and not the ultimate judgment against the insured triggers the duty to defend even though the plaintiff may not succeed and the claim may, in fact, be weak or frivolous.

Metro. Prop. & Cas. Ins. Co. v. Morrison, 460 Mass. 352, 357-58 (2011) (internal citations, alterations, and quotation marks omitted). "The interpretation of language in an insurance contract 'is no different from the interpretation of any other contract,'" and the court "'must construe the words of the policy in their usual and ordinary sense.'" Id. at 362 (quoting Boston Gas Co. v. Century Indem. Co., 454 Mass. 337, 355 (2009)). Specifically,

> [e]very word must be presumed to have been employed with a purpose and must be given meaning and effect whenever practicable. If in doubt, [the court] consider[s] what an objectively reasonable insured, reading the relevant policy language, would expect to be covered. When confronting ambiguous language, [the court] construe[s] the policy in favor of the insured and against the drafter, who is invariably the insurer, unless specific policy language is controlled by statute or prescribed by another authority. This rule of construction applies with particular force to exclusionary provisions.

Id. at 362-63 (internal citations, alterations, and quotation marks omitted). The insured "bears the burden of proving that a particular claim falls within a policy's coverage, while an insurer has the

burden of proving the applicability of a particular exclusion." Allmerica Fin. Corp. v. Certain Underwriters at Lloyd's, London, 449 Mass. 621, 628 (2007) (internal citations omitted).

Here, Atain does not dispute for purposes of this motion that, but for one or more exclusions, Atain must defend and indemnify Embargo in the state court action seeking damages for Galati's bodily injuries. Pl. Mem. 4-5 [#35]; see also CGL Policy 39 [#34-1]. Atain argues, however, that the auto exclusion relieves it of those duties. Pl. Mem. 5-7 [#35]. Embargo counters that the CGL policy's exclusion is at least ambiguous as to "whether it applies to bar coverage for negligence claims . . . that have nothing to do with an auto," where the underlying claim "alleges that Embargo should have called the police or for medical assistance, rather than assist [Galati] into a Town Taxi cab." Defs' Mem. 17-18 [#45]. The court therefore considers whether Galati's claim for damages from bodily injury in the underlying state court action unambiguously "arise[s] out of or in connection with" an auto.

"Under Massachusetts law, 'arising out of' 'indicates a wider range of causation than the concept of proximate causation in tort law.'" Brazas Sporting Arms, Inc. v. Am. Empire Surplus Lines Ins. Co., 220 F.3d 1, 7 (1st Cir. 2000) (quoting Rischitelli v. Safety Ins. Co., 423 Mass. 703, 704 (1996)). "[I]t falls somewhere between proximate and 'but for' causation—an intermediate causation standard." Id. Despite this broad construction, however, the causal connection between the excluded conduct and the injury must not be too attenuated. See Rischitelli, 423 Mass. at 704-05 (collecting cases). Rather, for an injury to "arise out of" excluded conduct, "there must be a sufficiently close relationship between the injury and the [excluded conduct]." Ruggerio Ambulance Serv., Inc. v. Nat'l Grange Ins. Co., 430 Mass. 794, 798 (2000). Additionally, "[i]t is the *source* from which the plaintiff's personal injury originates rather than the specific *theories of liability* alleged in the complaint which determines the

insurer's duty to defend." Bagley v. Monticello Ins. Co., 430 Mass. 454, 458 (1999) (quoting New England Mut. Life Ins. Co. v. Liberty Mut. Ins. Co., 40 Mass. App. Ct. 722, 727 (1996)) (emphasis original).

The CGL policy excludes not only claims for damages for bodily injury "arising out of" an auto, but also for bodily injury "in connection with any 'auto.'" "'In connection with' is ordinarily held to have even a broader meaning than 'arising out of' and is defined as related to, linked to, or associated with." Metro. Prop. & Cas. Ins. Co. v. Fitchburg Mut. Ins. Co., 58 Mass. App. Ct. 818, 821 (2003).

Embargo argues that Galati's claim "has nothing to do with an auto." Defs' Mem. 13 [#45]. Indeed, if Galati had stumbled into a ditch and sustained similar injuries, his negligence claim against Embargo would be exactly the same. But although that reasoning has been accepted by some of the out-of-state cases on which Embargo relies, see, e.g., Lewis v. Jabbar, 5 So.3d 250 (La. Ct. App. 2009), that is not how Massachusetts law requires this court to resolve the issue, see Bagley, 430 Mass. at 458. Here, where Galati seeks damages for bodily injuries sustained after he was run over by Aguiar's car, the bodily injuries arise out of or are connected with an auto and are excluded from coverage.

The cases that Embargo cites do not support a contrary construction. In Rischitelli v. Safety Ins. Co., the insured was involved in a car accident, after which the other driver got out of his car and physically attacked the insured. 423 Mass. at 703. The insured sought coverage for his injuries from the attack, and the Massachusetts Supreme Judicial Court ("SJC") concluded that the injuries did not "arise out of" the use of the auto. Id. Similarly, in Sabatinelli v. Travelers Ins. Co., the SJC held that a plaintiff's injury was not related to an auto when the insured, while seated in his car with the motor running, intentionally shot the plaintiff. 369 Mass. 674, 676

(1976). In both of those cases, an intervening "source from which the plaintiff's personal injury originates" broke the link between the car and the injury.

Embargo's further argument that it reasonably expected its policy to cover negligence claims against it arising out of alleged conduct occurring at or near its premises fairs no better. Massachusetts law instructs courts to look at what the insured reasonably expected the policy to cover only if the language of the policy is in doubt, which this court has determined not to be the case. See Morrison, 460 Mass. at 362 (quoting A.W. Chesterton Co. v. Massachusetts Insurers Insolvency Fund, 445 Mass. 502, 518 (2005)) ("If in doubt [as to the plain meaning of the contract], we 'consider what an objectively reasonable insured, reading the relevant policy language, would expect to be covered'").

In addition, such claims could have been carved out of the exclusion. The exclusion, for example, does not apply to parking a customer's auto on the premises or on the roads next to the premises. See CGL Policy 15 [#34-1] ("This exclusion does not apply to: … Parking an 'auto' on, or on the ways next to, premises you own or rent, provided the 'auto' is not owned by or rented or loaned to you or any insured"). Here, however, there is no carve-out to avoid the broad language of the auto exclusion.

In the underlying complaint, the source of Galati's bodily injuries is the car, and the damages Galati suffered are connected with the car. While Embargo's relationship to Galati's injury would be the same whether Galati was injured by falling in a ditch or by being hit by a car, it is the car's relationship to Galati's injuries that controls this dispute. See Bagley, 430 Mass. at 458.

## V.     Conclusion

For the forgoing reasons, Atain's Motion for Summary Judgment [#33] is GRANTED as to Count I.

IT IS SO ORDERED.

February 11, 2021                              /s/ Indira Talwani
                                               United States District Judge